UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOBBIE LEWIS                                                                          PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:14cv397-DPJ-FKB

JEROME LEFLORE, et al.                                                              DEFENDANTS

ORDER

This false-arrest and excessive-force case is before the Court on Copiah County,

Mississippi's Motion to Dismiss Plaintiff's State Law Claims or, in the alternative, to Strike

Plaintiff's Jury Demand and Demand for Punitive Damages [11], and Municipal Defendants'

Motion to Dismiss [13].  The claims were brought under 42 U.S.C. § 1983 and Mississippi law.

For the reasons that follow, the motions are granted as to Copiah County and the City of Crystal

Springs, Mississippi, but otherwise denied without prejudice.

I.       Facts and Procedural History

On April 24, 2013, Plaintiff Bobbie Lewis was at her home in Copiah County,

Mississippi, "when three police cars driven by police officers for the City of Crystal Springs,

Mississippi pulled into her yard shortly after a car driven by a young black male pulled into her

yard." Compl. [1] ¶ 10.  The Crystal Springs police officers, including Defendant Jerome

Leflore, were later joined by two Copiah County deputy sheriffs at the scene.  According to

Lewis, she went out into her yard to observe what was happening, id. ¶ 20, and was later arrested

for allegedly interfering with the officers' duties, id. ¶¶ 30–32.  Lewis alleges that her arrest was

unlawful and that Leflore and an unidentified sheriff's deputy used excessive force against her.

On November 14, 2013, Lewis submitted a Notice of Claim regarding the incident to

Copiah County, Mississippi Sheriff Harold Jones; Crystal Springs Chief of Police Cal Robinson;

and Leflore.  She thereafter filed the instant lawsuit against Leflore, in his individual and official

capacities; the City of Crystal Springs, Mississippi; and Copiah County, Mississippi.  Compl. [1].

The Complaint includes excessive-force, unlawful-arrest, and due-process claims brought under

§ 1983; claims for unlawful arrest and excessive force brought under the Mississippi

Constitution; and a state-law negligence claim.  Defendants answered [5, 6] and subsequently

filed their motions to dismiss [11, 13].  The Court has personal and subject-matter jurisdiction

and is prepared to rule.

II.      Standard

        As an initial matter, the motions to dismiss were filed after Defendants filed their

Answers [5, 6].  The Court therefore construes the motions as motions for judgment on the

pleadings under Federal Rule of Civil Procedure 12(c).  *See Jones v. Greninger*, 188 F.3d 322,

324 (5th Cir. 1999) (per curiam).  Regardless, the standard of review is the same under either

rule.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th

Cir. 2002).

        In considering a motion under Rule 12(c), the "court accepts 'all well-pleaded facts as

true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v.

Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Greninger*, 188 F.3d at

324).  To overcome a Rule 12(c) motion, Plaintiff must plead "enough facts to state a claim to

relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555

(citation and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual

2

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.     Analysis

Defendants assert that Lewis's state-law claims are all subject to dismissal under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. §§ 11-46-1, *et seq.* Defendants primarily contend that Lewis failed to comply with the pre-suit notice requirements of the MTCA. Lewis counters that Defendants waived their notice argument and that at least some of her claims fall outside the MTCA, thus alleviating the need for notice. This Order addresses those issues as to the two governmental entities and then as to the sole individual defendant Jerome Leflore.

A.     Governmental-Entity Claims

Both Copiah County and the City of Crystal Springs seek dismissal of Lewis's state-law claims pursuant to the MTCA. Though the parties agree that Lewis's negligence claim falls under the MTCA, they dispute whether her false-arrest and due-process claims are likewise within the MTCA's scope. The answer matters not. If the claims are not covered, then sovereign

immunity was never waived as to these governmental entities.  If they are covered by the MTCA, then statutory notice was not provided.

"The MTCA provides immunity for the alleged torts of governmental entities." *Zumwalt v. Jones Cnty. Bd. of Supervisors*, 19 So. 3d 672, 688 (Miss. 2009) (citing Miss. Code Ann. § 11-46-3).  But it also "waives that immunity, and the governmental entity is liable, for injuries caused by the entity or its employees while acting in the course and scope of their employment." *Id*. (citing Miss. Code Ann. § 11-46-5(1)).  Immunity therefore remains intact if Lewis's false-arrest and due-process claims against Copiah County and the City of Crystal Springs are beyond the MTCA's limited waiver.  *Id.*

If the MTCA does cover those claims, along with Lewis's negligence claim, then Lewis was required to provide notice.  "A party instigating a claim under the MTCA must file a notice of claim with the chief executive officer of the governmental entity ninety days before maintaining an action." *Kimball Glassco Residential Ctr., Inc. v. Shanks*, 64 So. 3d 941, 944 (Miss. 2011) (citing Miss. Code Ann. § 11-46-11(1)).  The statute requires that notice "shall be made" for a county defendant "upon the chancery clerk of the county sued," and for a municipality "upon the city clerk."  Miss. Code Ann. § 11-46-11(2)(a)(I).  The Mississippi Supreme Court has held that strict compliance with the notice requirements is required, including "in regard to whom the notice is sent." *Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 91–92 (Miss. 2010) (internal quotation marks omitted).  "[A]bsent compliance with the statute, [Defendants'] immunity is intact." *Id.* at 92.

With respect to her claims against the county and the city, Lewis sent her MTCA notice to neither of the statutorily prescribed individuals:  she mailed her notice to the Copiah County

Sheriff rather than the chancery clerk and to the Crystal Springs Chief of Police rather than the city clerk.  Compl. [1] Ex. A.  She did not, therefore, comply with the statute.

To overcome this defect, Lewis finally argues that Defendants waived the MTCA-notice defense by failing to raise it in their answers.  Federal Rule of Civil Procedure 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense," and "failure to abide by Rule 8(c) leads to waiver."  *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008).  But under that rule, an affirmative defense "is not waived if the defendant 'raised the issue at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond.'"  *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) (alteration in original) (citing *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir. 1983)).

In this case, both the Municipal Defendants and Copiah County referenced MTCA defenses in their answers.  *See* Municipal Defs.' Answer [5] at 2 ("Defendants plead all applicable provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 et seq., including but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial."); Copiah Cnty.'s Answer [6] at 1 ("Insofar as any state law claims are concerned, answering defendant invokes the privileges, immunities, restrictions and limitations of Miss. Code Ann. § 11-46-1, *et seq.*").  But neither Answer specifically referenced lack of notice.

It is a close call whether these defenses—as articulated—included "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced" to satisfy Rule 8.  *Rogers*, 521 F.3d at 385 (quoting *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999)) (internal quotation marks omitted).  But even if the MTCA-notice defenses were not

sufficiently pleaded under Rule 8, Defendants gave some notice in their answers and have raised

the defenses "at a pragmatically sufficient time" without prejudicing Lewis's ability to respond.

*Pasco*, 566 F.3d at 577.  Specifically, Defendants asserted the defense in motions filed just 12

days after the initial Case Management Conference, before the deadline to amend, and more than

a year before the scheduled October 2015 trial.  Defendants did not waive their MTCA-notice

defenses, and Lewis's failure to strictly comply with § 11-46-11(1) leaves Defendants'

"immunity . . . intact."  *Tallahatchie Gen. Hosp.*, 49 So. 3d at 92.  In sum, Lewis's state-law

claims against Copiah County and the City of Crystal Springs must be dismissed whether

covered by the MTCA or not.[1]

> B.      Claims Against the Individual Defendant

It is less clear whether Lewis's state-law claims against Leflore are viable, but the parties

paid little attention to that issue.  The Municipal Defendants filed a bare-bones motion to dismiss

that does not specifically address Leflore.  Indeed all of the averments seek dismissal for the City

of Crystal Springs without mentioning Leflore.  *See* Defs.' Mot. [13] at 1 (arguing that failure to

provide notice was "fatal to [Lewis's] state law claims against the City of Crystal Springs"); *id.*

at 2 ("The remaining arguments in Copiah County's Memorandum of Law . . . all apply equally

to claims against the City of Crystal Springs.").  The Municipal Defendants also declined to file a

supporting memorandum and instead referenced Copiah County's submissions.  But Copiah

County does not yet have an individually named defendant, and the legal arguments affecting the

county and the city are not the same as those for Leflore.

---

[1]The Court need not consider Defendants' alternative arguments regarding punitive
damages and a jury trial as to them.

There is, however, one possible exception.  Leflore does reference the county's

sovereign-immunity argument regarding the negligence claim.  Section 11-46-9(1)(c) of the

Mississippi Code states as follows:

> A governmental entity and its employees acting within the course and scope of
> their employment or duties shall not be liable for any claim . . . [a]rising out of
> any act or omission of an employee of a governmental entity engaged in the
> performance or execution of duties or activities relating to police or fire protection
> *unless* the employee *acted in reckless disregard* of the safety and well-being of
> any person *not engaged in criminal activity* at the time of injury . . . .

(Emphasis added).  Copiah County offers a legal argument that this section provides immunity

from Lewis's negligence claim, and the Municipal Defendants adopt that argument without

further elaboration.  But the argument fails to tie the legal standard to the pleaded claims.

Looking to Lewis's Complaint, she avers that no criminal activity occurred.  Compl. [1] ¶ 39.

She further avers that the officers acted with "reckless disregard for the rights and safety of the

plaintiff."  *Id*. ¶ 45.  These assertions are assumed true under Rule 12(c), and are sufficient to

avoid dismissal on that basis.[2]

The only other arguments for dismissal that the Municipal Defendants adopt from Copiah

County's memorandum do not apply to an individual in the same way they apply to

governmental entities.  Accordingly, the parties will need to address certain issues before the

Court rules.  For example, the main thrust of Defendants' arguments is that Lewis failed to give

proper notice.  While that was true for the county and city, Lewis apparently sent Leflore notice

of her claims.  Compl. [1] Ex. A.  One Mississippi case seems to suggest that notice to an

individual is required.  *See McGehee v. Depoyster*, 708 So. 2d 77, 80 (Miss. 1998).  But the

---

[2]As discussed below, the claim may suffer other defects as to Leflore.

statute does not indicate how to serve an individual.  *See* Miss. Code Ann. § 11-46-11(1).  That

omission may have been intentional, as the MTCA also states that "no employee shall be held

personally liable for acts or omissions occurring within the course and scope of the employee's

duties."  *See id.* § 11-46-7(2).  In any event, Leflore must address these issues because the

arguments he adopts are not directly applicable to him, and Lewis should thereafter be given the

opportunity to respond.

Finally, if this issue reappears in a subsequent motion, the parties will need to determine

whether the false-arrest and due-process claims relate to conduct outside the scope of Leflore's

employment and are therefore beyond the MTCA.  A government employee acts outside the

scope of his employment if his "conduct constitute[s] fraud, malice, libel, slander, defamation or

any criminal offense other than traffic violations."  Miss. Code Ann. § 11-46-5(2).  As

interpreted by the Mississippi Supreme Court, a claim falls outside the MTCA if it "require[s]

proof of fraud, malice, libel, slander, or defamation."  *Zumwalt*, 19 So. 3d at 688.  And in such

cases, the individual—but not the governmental entity—may be held liable.  *Id.*

If, as Lewis states, these claims are intentional torts involving malice and therefore

beyond the MTCA's scope, then she may pursue them against Leflore individually.  *Id.*  But

neither Lewis nor Leflore provided any legal analysis on this point, and the Court's limited

research suggests certain issues the parties will need to address.

For example, in *Foster v. Noel*, the Mississippi Supreme Court held that false-arrest

claims are covered by the MTCA because they are not specifically referenced in section 11-46-

5(2).  715 So. 2d 174, 178–79 (Miss. 1998) (en banc) ("Noel sued Yazoo City for false arrest, not

slander or any of the other torts mentioned in the above statute.").  But in the subsequently

decided *Zumwalt* case, the court looked to the elements of the claim in question.  19 So. 3d at

688 (holding that tortious interference with business relations and contracts fell beyond the

MTCA because claim "requires proof of malice as an essential element").  And some—but not

all—Mississippi cases hold that "[f]alse arrest is an intentional tort, arising when one causes

another to be arrested falsely, unlawfully, *maliciously* and without probable cause."  *City of*

*Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990) (emphasis added).  The parties

need to sort through the issue.  If the MTCA does apply, then they will likewise need to address

Mississippi Code sections 11-46-7(2) and 11-46-11(1).

The due-process claim also deserves attention.  Lewis claims in Count V that Leflore

used excessive force in making the arrest and thereby violated her rights to due process under the

Mississippi Constitution.  The Mississippi Supreme Court has held that such claims require proof

that the defendant's actions "'were inspired by malice.'"  *City of Jackson v. Powell*, 917 So. 2d

59, 72 (Miss. 2005).[3]

The malice standard applied in *Powell* borrows from Fourteenth Amendment

jurisprudence.  But as *Powell* itself notes, a determination of whether excessive force was used

during an arrest generally requires an objective test based on the Fourth Amendment.  *Id.* (citing

*Graham v. Connor*, 490 U.S. 386, 396–97 (1989)).  And if one drills deeper into the cases *Powell*

cites, all but one fail to support a subjective, malice-based test in the arrest context.  The one

exception is *Williams v. Lee County Sheriff's Department*, where the court did apply a subjective,

malice-based test to an excessive-force claim.  744 So. 2d 286, 297 (Miss. 1999).  But that case

---

[3]It is a little unclear whether *Powell* considered state or federal constitutional rights.  But earlier in the opinion, the Court dismissed the § 1983 claims, indicating that the state constitution was in play.

involved force used during an arrest *and* detention, the latter of which would call for the

Fourteenth Amendment test.  *See Clark v. Gonzalez*, 129 F.3d 612, at *2 (5th Cir. 1997) (per

curiam).  Nevertheless, the *Williams* Court applied the Fourteenth Amendment malice standard

to both claims.  744 So. 2d at 297.[4]

Even assuming *Powell* was wrongly decided, it may still establish a malice-based test for

due-process, excessive-force claims under the Mississippi Constitution.  And if so, then the

MTCA may apply pursuant to *Zumwalt*.  Regardless, the parties will need to examine these

issues.

In sum, Leflore has not provided a relevant memorandum of law as required by Uniform

Local Rule 7(b)(4).  Lewis has never attempted to support her statement that some of the claims

fall beyond the MTCA.  And neither party has specifically addressed these issues in the context

of an individual-capacity claim under the MTCA.  Therefore, the Court concludes that this

portion of the motion should be denied without prejudice.  *See Bruner v. Cemex, Inc.*, No.

1:08CV1386–LG–RHW, 2010 WL 3455244, at *1–2 (S.D. Miss. Aug. 27, 2010) (denying

motion without prejudice due to insufficient briefing).

IV.     Conclusion

The Court has considered all the parties' arguments.  Those not specifically addressed

would not have changed the outcome.  For the foregoing reasons, Copiah County, Mississippi's

Motion to Dismiss Plaintiff's State Law Claims or, in the alternative, to Strike Plaintiff's Jury

Demand and Demand for Punitive Damages [11] is granted, and Municipal Defendants' Motion

---

[4]In doing so, the court cited *Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998).  *Williams*, 744 So. 2d at 297.  But *Petta* actually addresses yet another context, applying the Fourteenth Amendment to excessive-force claims that are not related to an arrest or detention.

to Dismiss [13] is granted as to the state-law claims against Crystal Springs.  The motion is

otherwise denied without prejudice.

SO ORDERED AND ADJUDGED this the 24th day of November, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE